UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTON MCCULLOUGH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-0691 |
| v. | : | (JUDGE MANNION) |
| KEVIN RANSOM, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I.   BACKGROUND**

On February 24, 2021, Plaintiff, Anton McCullough, in inmate currently confined in the Phoenix State Correctional Institution, Collegeville, Pennsylvania, originally filed the above captioned action in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). The named Defendants are the following SCI-Dallas employees: Superintendent Kevin Ransom and Lt. Belles. Id.

Plaintiff seeks compensatory and punitive damages for allegedly being housed in the Restricted Housing Unit (RHU) at SCI-Dallas for twenty-four hours a day from September, 2020 until January 26, 2021. Id. Specifically, Plaintiff claim that on or about August 16, 2020, he was transferred to SCI-Dallas and placed in the RHU. Id. He states that in the beginning of [his]

confinement in the RHU he was "able to go outside to the segregated cages to enjoy fresh air and the ability to move around and effectively stretch his muscles for proper exercise." Id. However, "as a result of Ransom and Belles ceasing all access to the segregated RHU cages for fresh air and exercise until the 26th day of January, 2021, Plaintiff was forced to remain confined in his cell for 24 hours per day, 7 days per week, for approximately 140 days." Id. Plaintiff claims that "Ransom and Belles' acts and omissions imposed unreasonable risk of injury upon Plaintiff that resulted into an injury upon Plaintiff's physical and psychological well-being," causing "severe muscle, bone and body pain and his mental state to diminish to which he became constantly irritable, depressed, anxious and also illusional (sic)." Id.

On February 24, 2021, Plaintiff filed the instant action in the Luzerne County Court of Common Pleas, alleging one count of negligence. Id. Specifically, Plaintiff claims that Defendants Ransom and Belle "had a duty under the Eighth Amendment" to "provide Plaintiff with a minimum of at least one hour of daily exercise, 5 days a week, while he was in the RHU," and that "Defendants failed to conform to the aforesaid standards of care, through their own personal carelessness of Plaintiff's physical and psychological well-being." Id.

By Notice of Removal dated April 13, 2021, Defendants removed the above captioned action to the United States District Court for the Middle District of Pennsylvania. Id.

On April 20, 2021, Defendants filed an answer with affirmative defenses. (Doc. 4).

Presently before the Court is Plaintiff's motion for judgment on the pleadings and Plaintiff's motion to strike Defendants' affirmative defenses. (Docs. 6, 9). The motion for judgment on the pleadings has been fully briefed and is ripe for disposition. For the reasons set forth below, Plaintiff's motion for judgment on the pleadings and motion to strike Defendants' affirmative defenses will be denied.

## II. Discussion

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed — but early enough not to delay trial." Fed.R.Civ.P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of law." Alea London Ltd. v. Woodlake Mgmt., 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), aff'd, 365 F. App'x 427 (3d Cir. 2010) (citing Sikirica v. Nationwide Ins. Co., 416 F.3d 214, 220 (3d

Cir. 2005)). "In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." Allstate Ins. Co. v. Hopfer, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009).

Courts utilize the same standards for motions for judgments on the pleadings pursuant to Rule 12(c) as that for a motion to dismiss pursuant to Rule 12(b)(6). Spruill v. Gillis, 372 F.3d 218, 223 n.2 (3d Cir. 2004) ("there is no material difference in the applicable legal standards"). When considering a motion to dismiss, a court shall "accept as true all factual assertions, but we disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675 (3d Cir. 2012).

Plaintiff moves for judgment on the pleadings, claiming "the Defendants, in their pleading, specifically their answers, have admitted to many of Plaintiff's averments." (Doc. 7). Although, he claims "however, the answers to which the Defendants have denied are vague and inconclusive; specifically, Defendants deny any personal involvement in the deprivation of Plaintiff not receiving any access to the outside yard for exercise for over six months" and that "COVID-19 protocols were in place at SCI-Dallas." Id. Plaintiff also takes issue with Defendants' affirmative defenses, claiming that

they "are also vague and inconclusive." Id. Based on these statements, alone, the Court finds that there are material issues of fact that defeat Plaintiff's motion for judgement on the pleadings. Specifically, disputes of material fact exist on the exact nature of Plaintiff's confinement in the Restricted Housing Unit, how he specifically was affected by any COVID-19 protocols that were in place, what injuries he may or may not have actually suffered, what contacts, if any, he has had with any Defendants in this action, among others. Thus, for these reasons, the Court will deny Plaintiff's motion for judgment on the pleadings. As a result of the action being able to procedurally move forward, the Court will also deny Plaintiff's motion to strike Defendant's affirmative defenses.

### III. CONCLUSION

Based on the foregoing, the Court will deny Plaintiff's motion for judgment on the pleadings and Plaintiff's motion to strike Defendants' affirmative defenses.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 14, 2022**
21-0691-01

- 5 -