UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTON MCCULLOUGH, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-0691 |
| v. | : | (JUDGE MANNION) |
| KEVIN RANSOM, *et al.*, | : | |
| Defendants | : | |

## MEMORANDUM

### I. BACKGROUND

On February 24, 2021, Plaintiff, Anton McCullough, in inmate currently confined in the Phoenix State Correctional Institution, Collegeville, Pennsylvania, originally filed the above captioned action in the Court of Common Pleas of Luzerne County, Pennsylvania. (Doc. 1). The named Defendants are the following SCI-Dallas employees: Superintendent Kevin Ransom and Lt. Belles. Id.

Plaintiff seeks compensatory and punitive damages for allegedly being housed in the Restricted Housing Unit (RHU) at SCI-Dallas for twenty-four hours a day from September, 2020 until January 26, 2021. Id. Specifically, Plaintiff claims that on or about August 16, 2020, he was transferred to SCI-Dallas and placed in the RHU. Id. He states that in the beginning of [his] confinement in the RHU he was "able to go outside to the segregated cages

to enjoy fresh air and the ability to move around and effectively stretch his muscles for proper exercise." Id. However, "as a result of Ransom and Belles ceasing all access to the segregated RHU cages for fresh air and exercise until the 26th day of January, 2021, Plaintiff was forced to remain confined in his cell for 24 hours per day, 7 days per week, for approximately 140 days." Id. Plaintiff claims that "Ransom and Belles' acts and omissions imposed unreasonable risk of injury upon Plaintiff that resulted into an injury upon Plaintiff's physical and psychological well-being," causing "severe muscle, bone and body pain and his mental state to diminish to which he became constantly irritable, depressed, anxious and also illusional (sic)." Id.

On February 24, 2021, Plaintiff filed the instant action in the Luzerne County Court of Common Pleas, alleging one count of negligence. Id. Specifically, Plaintiff claims that Defendants Ransom and Belle "had a duty under the Eighth Amendment" to "provide Plaintiff with a minimum of at least one hour of daily exercise, 5 days a week, while he was in the RHU," and that "Defendants failed to conform to the aforesaid standards of care, through their own personal carelessness of Plaintiff's physical and psychological well-being." Id.

By Notice of Removal dated April 13, 2021, Defendants removed the above captioned action to the United States District Court for the Middle

District of Pennsylvania. Id. On April 20, 2021, Defendants filed an answer with affirmative defenses. (Doc. 4).

By Memorandum and Order dated March 14, 2022, the Court denied Plaintiff's motion for judgment on the pleadings and set forth a scheduling order requiring dispositive motions to be filed on, or before, April 25, 2022. (Docs. 16, 17). After being granted an enlargement of time, (Doc. 21), Defendants Belles and Ransom filed a motion for summary judgment on May 25, 2022 and on June 23, 2022, they filed a supporting statement of material facts and brief. (Docs. 22, 25, 26).

By Order dated January 6, 2023, the Court directed Plaintiff to file a brief in opposition to Defendants' motion for summary judgment and a separate, short concise statement of material facts, specifically responding to the numbered statements in Defendants' statement of material facts. (Doc. 28). Plaintiff failed to file a brief in opposition or request an enlargement of time within which to do so.

By Order dated February 2, 2023, the Court directed Plaintiff to show cause on, or before, February 21, 2023, as to why the instant action should not be dismissed pursuant to Fed.R.Civ.P. 41(b) for failure to prosecute. (Doc. 29). To date, Plaintiff has failed to respond to this Court's Order. Thus,

for the reasons set forth below, the Court will dismiss the above captioned action for Plaintiff's failure to prosecute.

## II. Legal Standard

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Further, the rule permits *sua sponte* dismissals by the court. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same). "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link, 370 U.S. at 630–31; see also Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). Specifically, a plaintiff's failure to comply with a court order constitutes a failure to prosecute his action, and therefore his action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b). A court's decision to dismiss for failure to prosecute is committed to the court's sound discretion and will not be disturbed absent an abuse of discretion. See Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir.

2002). In evaluating whether an action should be dismissed for failure to prosecute, a court must balance six factors":

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).

The Poulis factors are not "a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation . . . ." Mindek, 964 F.2d at 1373. No one factor is determinative and not all of the Poulis factors must be met to warrant dismissal. Mindek, 964 F.2d at 1373; Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988). Instead, the decision must be made in the context of the court's extended contact with the litigant. Dismissal for failure to prosecute is appropriately labeled a "drastic sanction," however, because it is "deemed to be an adjudication on the merits, barring any further action between the parties." Sebrell ex rel. Sebrell v. Phila. Police Dep't, 159 F. Appx. 371, 373 (3d Cir. 2005) (not precedential) (citing Landon v. Hunt, 977 F.2d 829, 833 (3d Cir. 1992); Fed. R. Civ. P. 41(b)). In light of this framework, the Court finds that

a careful assessment of the Poulis factors in the case at bar weighs heavily in favor of dismissing this action.

### III. Discussion

#### 1. Plaintiff's Personal Responsibility

Looking to the Poulis factors, the Court finds that a consideration of the first factor, the extent of the party's personal responsibility, shows that the delays in this case are entirely attributable to McCullough. Because McCullough is a *pro se* litigant, he is solely responsible for prosecuting his claim. See Hoxworth v. Blinder Robinson & Co., 980 F.2d 912, 920 (3d Cir. 1992). "As a general rule, a pro se litigant is responsible for his failure to comply with court orders." Lopez v. Cousins, 435 F. App'x 113, 116 (3d Cir. 2011) (not precedential); see also Emerson, 296 F.3d at 191; Winston v. Lindsey, Civ. No. 09-224, 2011 WL 6000991, at *2 (W.D. Pa. Nov. 30, 2011) (concluding that a *pro se* litigant "bears all of the responsibility for any failure to prosecute his claims"). McCullough has failed to abide by Court Orders and neglected to litigate this case. Specifically, McCullough has failed to file a brief in opposition to Defendants' pending motion for summary judgment, despite being directed to do so by the Court. Additionally, McCullough was specifically warned that his failure to file an opposition brief or respond to the

- 6 -

Court's Order may result in the dismissal of this action. As of the date of this Memorandum, McCullough has failed to comply with either directive. Accordingly, the first Poulis factor weighs in favor of dismissal.

### 2. Prejudice to the Moving Party

As for the second Poulis factor, a finding of prejudice does not require "irremediable harm." Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 873–74 (3d Cir. 1994). Rather, "the burden imposed by impeding a party's ability to [effectively prepare] a full and complete trial strategy is sufficiently prejudicial." Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003). Here, the Court finds that McCullough's failure to respond to the Court's Orders has frustrated and delayed resolution of this action. Going forward, such failure to litigate would prejudice Defendants, who without timely responses by McCullough could not seek a timely resolution of the case. Accordingly, the Court finds that the second Poulis factor weighs in favor of dismissal.

### 3. History of Dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Emerson, 296 F.3d at 191 (*per curiam*) (finding a history of dilatory

conduct where the plaintiff repeatedly requested stays and failed to comply with court-mandated deadlines). Conversely, "conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." Briscoe v. Klaus, 538 F.3d 252, 261 (3d Cir. 2008) (citation omitted). In deciding whether a history of dilatory conduct exists, this Court must evaluate "a party's problematic acts . . . in light of its behavior over the life of the case." Adams, 29 F.3d at 875. Here, McCullough has not only failed to respond to the Court's Orders requiring him to file a brief in opposition, but he has failed to show cause why this action should not be dismissed. In fact, McCullough has not communicated with the Court since the filing of his April 26, 2021 motion for judgment on the pleadings. (See Doc. 6). Accordingly, McCullough's actions demonstrate a history of dilatoriness that weighs in favor of dismissal.

### 4. Willful Conduct or Bad Faith

The fourth Poulis factor requires the Court to consider whether McCullough's conduct reflects mere inadvertence or negligence, as opposed to "strategic," "intentional or self-serving behavior." Adams, 29 F.3d at 875-76. "Under this factor, the District Court must consider whether the conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." Briscoe, 538 F.3d at 262 (quotation omitted). Here,

McCullough's failure to abide by multiple Orders by the Court and failure to file a brief in opposition to Defendants' motion "demonstrate[s] a willful disregard for procedural rules and court directives." Gilyard v. Dauphin Cty. Work Release, No. 10-1657, 2010 WL 5060236, at *2 (M.D. Pa. Dec. 6, 2010). Thus, the fourth Poulis factor weighs in favor of dismissal.

### 5. Availability of Alternative Sanctions

The fifth Poulis factor examines the effectiveness of sanctions other than dismissal. 747 F.2d at 868. Generally, "sanctions less than dismissal [are] ineffective when a litigant, such as [McCullough], is proceeding pro se." See Lopez, 435 F. App' x at 116; Emerson, 296 F.3d at 191 (*per curiam*); Nowland v. Lucas, No. 1:10-CV-1863, 2012 WL 10559, at *6 (M.D. Pa. Jan. 3, 2012) ("This case presents such a situation where the plaintiff's status as a *pro se* litigant severely limits the ability of the court to utilize lesser sanctions to ensure that this litigation progresses in an orderly fashion."). Here, McCullough is proceeding *pro se,* there is no evidence to suggest that paying monetary sanctions will remedy McCullough's deficiencies. Therefore, monetary sanctions would not be effective in this case. Moreover, McCullough's failure to respond to Court Orders leads to an inference that further orders to him would not be effective. Accordingly, the fifth Poulis factor weighs in favor of dismissal.

### 6. Meritoriousness of Plaintiff's Claims

The final Poulis factor enjoins the Court to consider the meritoriousness of McCullough's claims. 747 F.2d at 868. A claim is deemed meritorious when "the allegations of the pleadings, if established at trial, would support recovery by plaintiff . . . ." Poulis, 747 F.2d at 870. "Generally, in determining whether a plaintiff's claim is meritorious, [courts] use the standard for a Rule 12(b)(6) motion to dismiss for failure to state a claim." Briscoe, 538 F.3d at 263 (citing Poulis, 747 F.2d at 869–70). Here, assuming for the sake of argument that McCullough's claims have merit, consideration of this factor cannot save his case because he is now wholly noncompliant with his obligations as a litigant. The Plaintiff cannot refuse to address the merits of his claims, and then assert the untested merits of these claims as grounds for denying a motion to sanction him. Furthermore, it is well-settled that " 'no single Poulis factor is dispositive,' Ware, 322 F.3d at 222, [and it is] clear that 'not all of the Poulis factors need be satisfied in order to dismiss a complaint.' Mindek, 964 F.2d at 1373." Briscoe, 538 F.3d at 263. Therefore, the untested merits of the non-compliant Plaintiff's claims, standing alone, cannot prevent imposition of sanctions. This is particularly true in this instant case, where McCullough's actions reveal that he has abandoned this litigation.

### 7. Balancing the Poulis factors

To reiterate, when weighing the Poulis factors, there is no "magic formula" or "mechanical calculation" that automatically warrants dismissal for failure to prosecute. Briscoe, 538 F.3d at 263. Quite the contrary, the Court is guided by the Third Circuit's warning that "no single Poulis factor is dispositive," and that "not all of the Poulis factors need be satisfied in order to dismiss a complaint." Ware, 322 F.3d at 222; Mindek, 964 F.2d at 1373.

In sum, the Poulis factors weigh heavily in favor of dismissal of this action for lack of prosecution. As it is apparent to the Court that McCullough has made no effort to prosecute his case as evidenced by his failure to respond to this Court's Orders, his complaint will be dismissed for failure to prosecute. See Silbermonn, 2021 WL 1705228, at *3.

## IV. Conclusion

McCullough's last communication with the Court was on April 26, 2021. McCullough's prolonged failure to communicate with the court and comply with its orders has forced the Court to consider whether to dismiss the instant action for failure to prosecute.

After consideration of the Poulis factors, it is clear that the factors militate in favor of dismissal of McCullough's claims.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 22, 2023**
21-0691-02